FILED
2024 Apr-29  AM 09:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **MICHAEL LEE HUTCHINS,** ] | |
| ] | |
| **Movant,** ] | |
| ] | |
| v. ] | **Case No.: 7:23-cv-8042-ACA** |
| ] | |
| **UNITED STATES OF AMERICA** ] | |
| ] | |
| **Respondent.** ] | |

## MEMORANDUM OPINION

Michael Lee Hutchins moves, under 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence, arguing that his conviction for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), is invalid because § 922(g)(1) is unconstitutional as applied to him. (Doc. 1 at 4; *see also* doc. 2 at 3, 5–6, 26–27). Because this claim is procedurally defaulted, the court **WILL DENY** the § 2255 motion and **WILL DENY** Mr. Hutchins a certificate of appealability.

### I.   BACKGROUND

A grand jury indicted Mr. Hutchins on one count of being a felon in possession of a firearm and ammunition and two counts of being a felon in possession of ammunition, all in violation of 18 U.S.C. § 922(g)(1). *United States v.*

*Hutchins*, no. 22-359, doc. 1 (N.D. Ala. Sept. 27, 2022).[1] Mr. Hutchins pleaded guilty to being a felon in possession of a firearm and ammunition in exchange for the government's dismissal of the two counts of being a felon in possession of ammunition. (*Hutchins* doc. 21 at 1). The court sentenced Mr. Hutchins to thirty-seven months' imprisonment.[2] (*Hutchins* doc. 27 at 2). He did not appeal.

## II. DISCUSSION

Mr. Hutchins contends that his conviction is invalid because § 922(g)(1) is unconstitutional. (Doc. 1 at 4; *see also* doc. 2 at 3, 5–6, 26–27). The government responds that this claim is procedurally defaulted and meritless. (Doc. 4).

The court need not reach the merits of the claim because it is procedurally defaulted. "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). Mr. Hutchins's constitutional challenge to the application of § 922(g)(1) to him was available when the court entered judgment, so he could have raised that claim on direct appeal. His failure to do so therefore constitutes a procedural default. *See id.*

---

[1] The court cites documents from Mr. Hutchins's criminal proceeding as "*Hutchins* doc. __."

[2] In April 2024, the court reduced Mr. Hutchins's sentence to 30 months' imprisonment based on a retroactively applicable amendment to the Sentencing Guidelines. (*Hutchins* doc. 35).

A § 2255 movant can avoid a procedural default in two ways: (1) by showing "cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error" or (2) if he is actually innocent. *Id.* (emphasis omitted). Mr. Hutchins invokes the first exception, arguing that he could not have raised this claim on direct appeal because it is "novel." (Doc. 1 at 4). "It is true that a claim that is so novel that its legal basis is not reasonably available to counsel may constitute cause for a procedural default." *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001) (quotation marks omitted). But "the question is not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was available at all." *Id.* (quotation marks omitted). Mr. Hutchins's recitation of the history of Second Amendment jurisprudence demonstrates that the claim was "available" at the time of his conviction in 2023, even if it was foreclosed by binding precedent. (*See* doc. 2 at 8–25). Binding precedent foreclosing a claim does not constitute cause excusing a procedural default. *McCoy*, 266 F.3d at 1259 ("[T]he Supreme Court could not have been clearer that perceived futility does not constitute cause to excuse a procedural default."); *see also id.* at 1258 (pointing out that a Supreme Court decision overturning prior precedent exists because a party raised that claim despite the fact that caselaw foreclosed it). The court therefore **WILL DENY** Mr. Hutchins's § 2255 motion as procedurally defaulted.

### III. CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing § 2255 Cases requires the court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2255 Cases, Rule 11(a). The court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," or "that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336, 338 (2003) (quotation marks omitted). This court finds that Mr. Hutchins has not satisfied either standard. The court **WILL DENY** a certificate of appealability.

### IV. CONCLUSION

The court **WILL DENY** Mr. Hutchins's § 2255 motion and **WILL DENY** him a certificate of appealability.

The court will enter a separate final order consistent with this opinion.

**DONE** and **ORDERED** this April 29, 2024.

_____
 **ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE